**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10361 MMM (AJWx) | Date | December 28, 2011 |
|---|---|---|---|

| Title | *Friedman Corporation v. Universal Molding Co. et al.* |
|---|---|

Present: The Honorable      MARGARET M. MORROW

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **Order Referring Case to Bankruptcy Court**

On December 15, 2011, Friedman Corporation commenced this action against Universal Molding Company ("UMC"), Universal Molding Extrusion Company, Inc. ("UMEX"), and certain fictitious defendants.[1]  Friedman asserts claims for copyright infringement, contributory infringement, vicarious infringement, breach of contract, conversion, unjust enrichment, *quantum meruit*, and unfair business practices.  All claims are based on defendants' alleged use of Friedman's copyrighted software.

## I.  FACTUAL BACKGROUND

Friedman's primary business is developing, maintaining, and licensing software for the "window, door, cabinet, and furniture industries."[2]   The company has created a software program

---

[1]Complaint, Docket No. 1 (Dec. 15 (2011).

[2]Declaration of Eric Herrmann in Support of Plaintiff's *Ex Parte* Application for a Temporary Restraining Order and Order to Show Cause ("Herrmann Decl."), Docket No. 5 (Dec. 20, 2011). Herrmann is Friedman's chief financial officer and states that he has personal knowledge of the facts set forth in his declaration.  (*Id.*, ¶ 1.)  While declarations made "on information and belief" are entitled to no weight in most circumstances, because the declarant lacks personal knowledge of the facts to which he is testifying, see *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412-13 (9th Cir. 1995), the rules of evidence are not applied strictly in deciding applications for restraining orders and preliminary injunctions.  *Houdini Inc. v. Goody Baskets LLC*, 166 Fed. Appx. 946, 947 (9th Cir.

called "Frontier," for which it possesses federally registered copyrights.  Friedman licensed the use of Frontier to International Aluminum Corporation ("IAC") under a licensing agreement.  The agreement contemplated regular payments to Friedman, and gave Friedman the right to terminate the license in the event of breach, failure to pay, or a bankruptcy filing by the licensee.

In the spring of 2011, IAC failed to make payments under the license agreement, and also filed a Chapter 7 bankruptcy petition.  Shortly thereafter, defendant Universal Molding Company ("UMC") purchased IAC's assets from the trustee.  Friedman's chief financial officer, Eric Herrmann, asserts that the company did not receive notice that the trustee had sold IAC's license to a buyer.  In the "summer [of] 2011," Friedman learned that UMC and its affiliates/subsidiaries were using Frontier.[3]  Herrmann contacted Dominick Baione, UMC's chief executive officer, and told him the company was not authorized to use Frontier.  Thereafter, Friedman and UMC began to discuss a possible license agreement.  The breakdown of those negotiations and defendants' continued use of Frontier led to this lawsuit.

Although Friedman has not asserted a claim against the bankruptcy trustee or the bankruptcy estate, defendants contend that the bankruptcy court possesses post-confirmation jurisdiction to interpret and enforce its own orders.[4]  Their attorney, James Jackson, has submitted a declaration stating that his clients advised him "that the subject software was included in the assets purchased from the Bankruptcy Trustee."[5]  Appended to the declaration is a June 29, 2011 bankruptcy court order entered by United States Bankruptcy Judge Richard M. Neiter in a case captioned *In re Int'l Architectural Group*, *LLC*, Case Nos. 2:11-bk-30486-RN, 2:11-bk-30496-RN, 2:11-bk-30504-RN, 2:11-bk-30507-RN.  The order approved the sale of certain property "free and clear of all liens, claims or interests."[6]  A notice of sale of estate property, filed June 7, 2011, is also attached to Jackson's declaration; the property listed for sale includes IAC's "intellectual property" and

---

Feb. 13, 2006 (Unpub. Disp.); see also *Language Line Services, Inc. v. Language Services Associates, LLC*,  No. C 10-02605 JW, 2010 WL 2764714, *4 n. 5 (N.D. Cal. July 12, 2010) (considering a declaration "on information and belief" in evaluating a motion for preliminary injunction).

[3]*Id.*, ¶ 9.

[4]Opp. at 4-5.

[5]Declaration of James T. Jackson in Support of Defendants' Opposition to Plaintiff's *Ex Parte* Application for Temporary Restraining Order ("Jackson Decl."), Docket No. 8 (Dec. 26, 2011), ¶ 7.

[6]*Id.*, Exh. A ("Order Approving Sale") at 1.

"software."[7] Lots 1 and 2 of the property include "trade names and brand names and any other intellectual property owned by the Debtor," while Lot 6 includes "software."[8] Finally, defendants proffer a proof of service issued by the bankruptcy court; Friedman is listed as an unsecured creditor that received notice on the proof of service.[9]

As a result, defendants contend that the subject of this litigation concerns their rights and obligations as purchasers of IAC's assets at the trustee's sale, and that Friedman's claims should be decided by the bankruptcy court.

## II. DISCUSSION

A district court may refer to the bankruptcy court all proceedings arising under title 11 and or in or related to a case under title 11, 28 U.S.C. § 157(a). The bankruptcy court may determine cases arising under title 11 and all "core" proceedings arising under title 11 or in a case under title 11, 28 U.S.C. § 157(b)(1).

Claims that arise under the Bankruptcy Code or in a bankruptcy case are core proceedings. "'Arising under' and 'arising in' are terms of art." *In re Harris Pine Mills*, 44 F.3d 1431, 1435 (9th Cir. 1995). "Congress used the phrase 'arising under title 11' to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. . . . The meaning of 'arising in' proceedings is less clear, but seems to be a reference to those 'administrative' matters that arise *only* in bankruptcy cases. In other words, 'arising in' proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy." *Id.* (quoting *Eastport Associates v. City of Los Angeles (In re Eastport Associates)*, 935 F.2d 1071, 1076-77 (9th Cir. 1991) (as amended) (emphasis original)). "Core proceedings are 'matters concerning the administration of the estate' and rights created by title 11." *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir. 1994) (quoting 28 U.S.C. § 157).

Here, it would appear that the rights asserted by plaintiff do not arise under the Bankruptcy Code. "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but . . . it is an 'otherwise related' or non-core proceeding." *Harris Pine Mills*, 44 F.3d at 1435 (quoting *Wood*, 825 F.2d at 97). The distinction between a "core" proceeding and a "related" proceeding is an important one. Title 11 states that "the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge. . . ." 28 U.S.C. § 157(c)(2). If the action is a "related"

---

[7]*Id.*, Exh. B ("Notice of Sale") at 1.

[8]*Id.* at 3-4.

[9]*Id.*, Exh. D.

3

proceeding rather than a "core" proceeding, therefore, the court lacks power to refer the matter to the bankruptcy court without the consent of all parties.

By contrast, core proceedings include all matters concerning the administration of a bankruptcy estate, including "'contract claims under state law when the contract was entered into postpetition.'" *Harris Pine Mills*, 44 F.3d at 1436 (quoting 1 WILLIAM B. COLLIER, COLLIER ON BANKRUPTCY ¶ 3.01 [2][b][iii] at 40.1 n. 67a (15th ed. 1994)).   The bankruptcy code lists various types of core proceedings, 28 U.S.C. § 157(b)(2)(B)-(N), including "orders to turn over property of the estate," *id.*, § 157(b)(2)(E), "proceedings to determine, avoid, or recover fraudulent conveyances," *id.*, § 157(b)(2)(H), and "objections to discharge[ ]," *id.*, § 157(b)(2)(J).   In addition, the section contains two catch-all provisions: 28 U.S.C. § 157(b)(2)(A), which denominates core proceedings "matters concerning the administration of the estate; and § 157(b)(2)(O), which includes "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship."

"The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding."   28 U.S.C. § 157(b)(3).   "When the bankruptcy court has not made that determination, remand to that court is appropriate."   *Willms v. Sanderson Communities, Inc.*, No. CIV. S-07-2366 LKK/GGH, 2009 WL 728464, *1 (E.D. Cal. Mar. 19, 2009).   See *In re International Nutronics, Inc.*, 28 F.3d 965, 969 (9th Cir.) ("We need not decide whether Robertson's antitrust claim would have qualified as a core proceeding, a determination to be made in the first instance by the bankruptcy court," citing 28 U.S.C. § 157(b)(3)), cert. denied 513 U.S. 1016 (1994); see also *Corbett v. MacDonald Moving Services, Inc.*, 124 F.3d 82, 90 (2d Cir. 1997) ("At least in the first instance, the decision as to whether a claim is 'core' is 'reserved for the bankruptcy judge to determine,'" quoting *Sure-Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 873 (2d Cir. 1991)); *In re Kieslich*, 216 B.R. 643, 644 (D. Nev. 1998) ("Because this issue apparently turns on whether we characterize this case as core, non-core or other – a fact-sensitive characterization best performed by the Bankruptcy Court in the first instance – we think it best to remand the question").   This is a corollary of two important doctrines governing federal courts in general and bankruptcy courts in particular.   First, "it is familiar law that a federal court always has jurisdiction to determine its own jurisdiction."   *United States v. Ruiz*, 536 U.S. 622, 627 (2002).   Second, "[f]or proceedings enumerated in section 157(b), including actions to avoid fraudulent conveyances, bankruptcy courts also enjoy a certain type of plenary power in that they 'may hear and decide' the proceedings without being subject to review by an Article III court."   *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 809 (N.D. Cal. 2006) (quoting *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000) (en banc)).

Defendants assert that this action may be a core proceeding that should proceed before the bankruptcy court.   Friedman's complaint pleads causes of action for breach of contract, conversion, and unjust enrichment, which may implicate the bankruptcy court's order approving the trustee's sale. The parties have raised issues as to whether the bankruptcy trustee was notified of the existence of the licensing agreement between Friedman and IAC; the bankruptcy court's order states that "[n]o

executory contracts or unexpired leases are being assumed by the Trustee and assigned to [UMC]."[10] The parties also dispute whether Friedman received notice of the trustee's sale and whether it waived any rights it might otherwise have had by failing to object to the trustee's sale.  Resolution of these questions may have an impact on the parties' rights and responsibilities.  Additionally, Judge Neiter's order approving the sale expressly states that the bankruptcy court retains jurisdiction to enforce, interpret, and implement the terms of the sale.[11]  In light of these circumstances, the court refers this matter to the bankruptcy court to determine whether this is a core proceeding over which it should exercise jurisdiction.

### III. CONCLUSION

For the reasons stated, the court refers this action to Judge Neiter to determine whether it is a matter that falls within the jurisdiction of the bankruptcy court.

---

[10]Order Approving Sale, ¶ 9.

[11]*Id.*, ¶ 23.